## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| In re: Thelma Regina Welch<br><br>Debtor(s). | Bankruptcy No. 08 B 74139<br>Chapter 13<br>Judge Manuel Barbosa |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for contempt filed by debtor Thelma Regina Welch ("Debtor"), pursuant to 11 U.S.C. §§ 361, 362 and Fed. R. Bankr. P. 4001, on January 15, 2009. For the reasons set forth herein, the Court denies Debtor's motion for contempt.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

On November 29, 2003, pursuant to an installment contract, Debtor purchased a 1994 Pontiac Firebird from creditor Kishwaukee Auto Corral ("KAC") for $6995.00 with forty-six (46) scheduled payments of $150 (paid in biweekly installments) due and payable by November 11, 2005.

On October 7, 2004, Debtor filed her first Chapter 13 bankruptcy petition 04-B-75025. Debtor's modified plan was confirmed on February 25, 2005. The plan included a $3400 secured claim at 0% interest for the 1994 Pontiac Firebird with KAC and Debtor made payments pursuant to the plan.

In an order dated December 5, 2008, the Court dismissed Debtor's chapter 13 petition 04-

B-75025. At this time, the installment contract on the 1994 Pontiac Firebird became due and

Debtor defaulted. On December 22, 2008, with Debtor in default and pre-petition, KAC

repossessed Debtor's 1994 Pontiac Firebird.

On December 24, 2008, Debtor filed a second Chapter 13 bankruptcy petition number 08-

B-74139. On the same date, Debtor filed a Chapter 13 plan that proposed to pay secured creditor

KAC $240 at 4% interest for $5 monthly fixed payments for sixty months or a total estimated

payment of $300 for the 1994 Pontiac Firebird.

On January 8, 2009, Debtor, through her daughter, contacted KAC, requested her vehicle

return, and paid KAC $656 post-petition. Debtor's remaining balance to KAC equaled $537.69.

On January 15, 2009, Debtor filed a motion for civil contempt against KAC for their

alleged violation of the automatic stay, pursuant to 11 U.S.C. § 362. Debtor sought contempt of

court, $600 in attorney's fees, $1000 in punitive damages and KAC to return Debtor's vehicle.

On January 28, 2009, KAC filed a response to Debtor's civil contempt motion. KAC

asserts that it is entitled to adequate protection as a pre-condition to returning possession of

Debtor's vehicle, citing In re Nash, 228 B.R. 669 (N.D. Ill. 1999); Thompson v. GMAC (In re

Thompson), No. 08 A 182, 2008 WL 2157163, at *1 (Bankr. N.D. Ill. May 23, 2008). KAC

further argues that Debtor should "make all regular post-petition contractual payments," quoting

Nash, supra, 228 B.R. at 674, which allegedly equates to the entire remaining balance of $573.60,

rather than Debtor's proposed $5 per month to KAC in her December 24, 2008 plan.

In the motion for contempt hearing dated February 13, 2009, Debtor's counsel called

Debtor to testify, and KAC did not call anyone to testify. Debtor testified that KAC or entities

employed by KAC damaged her 1994 Pontiac Firebird when they repossessed the vehicle on

December 22, 2008. Debtor further testified that her daughter paid $650, on Debtor's behalf, to

KAC post-petition, but KAC did not return the vehicle. Debtor stated that KAC told her

daughter that a balance of $550 remained on the 1994 Pontiac Firebird.

## DISCUSSION

"'The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as one of the most fundamental debtor protections provided by the bankruptcy laws.'" In re Fernstrom Storage & Van Co., 938 F.2d 731, 735 (7th Cir. 1991) (quoting Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 503, 106 S. Ct. 755, 760, 88 L. Ed. 2d 859 (1986) (footnote and internal quotations omitted)). Section 362(a)(1) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1).

Fed. R. Bankr. R. 4001 provides that

[a] motion for relief from an automatic stay provided by the Code or a motion to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) shall be made in accordance with Rule 9014 and shall be served on any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Code or its authorized agent, . . . and on such other entities as the court may direct.

Under section 541(a) of the Bankruptcy Code, Debtor's car is property of her bankruptcy estate even though KAC has repossessed it. Thompson v. GMAC (In re Thompson), No. 08 A 182, 2008 WL 2157163, at *1 (Bankr. N.D. Ill. May 23, 2008) (citing United States v. Whiting Pools, Inc., 462 U.S. 198 (1983)). Under section 542(a) of the Code, someone who holds property that a debtor can use, sell, or lease under section 363 must turn that property over to the debtor. Ibid. (citing 11 U.S.C. § 542(a)).

When property is collateral securing a debt of the debtor, however, a creditor in possession of the property need not turn it over unless and until the debtor provides the creditor with "adequate protection." Ibid. (citing Nash v. Ford Motor Credit Co. (In re Nash), 228 B.R. 669, 673-74 (Bankr. N.D. Ill. 1999); Coleman v. Grand Nat'l Bank (In re Coleman), 229 B.R.

428, 432 (Bankr. N.D. Ill. 1999); Spears v. Ford Motor Credit Co. (In re Spears), 223 B.R. 159,

166-67 (Bankr. N.D. Ill. 1998)).

"Adequate protection" means some form of assurance that the secured creditor will not

"suffer a decline in the value of its interest in the estate's property" while the bankruptcy prevents

the creditor from seizing and liquidating the collateral.   Id. at *2 (citing In re Addison Properties,

L.P., 185 B.R. 766, 769 (Bankr. N.D. Ill. 1995); United Sav. Ass'n of Tex. v. Timbers of Inwood

Forest Assocs., Ltd., 484 U.S. 365, 370 (1988)).  If a creditor's interest is threatened with a

decline in value, "the estate must take action to make up the decline." Ibid. (quoting In re

Markos Gurnee P'ship, 252 B.R. 712, 716 (Bankr. N.D. Ill. 1997), aff'd sub nom. First Midwest

Bank v. Steege, No. 97 C 3571, 1998 WL 2595507, at *1 (N.D. Ill. May 21, 1998)).

Section 361 of the Code describes different forms that adequate protection may take. One

of these is "a cash payment or periodic cash payments." Ibid. (quoting 11 U.S.C. § 361(1)).

When collateral is decreasing in value, the creditor's interest in the collateral will be adequately

protected with cash payments such that "the value of its interest . . . remains constant." Ibid.

(quoting First Fed. Bank of Calif. v. Weinstein (In re Weinstein), 227 B.R. 284, 296 (B.A.P. 9th

Cir. 1998)). The payment amount will equal the amount by which the collateral is depreciating.

Ibid. (citing Weinstein, supra, 227 B.R. at 296; In re Robson, 369 B.R. 377, 380 (Bankr. N.D. Ill.

2007) (discussing pre-confirmation adequate protection payments)).

Here, the Court denies Debtor's motion for civil contempt against KAC.  After Debtor's

initial Chapter 13 bankruptcy was dismissed on December 5, 2008, Debtor did not pay KAC and

was in default on the 1994 Pontiac Firebird.  Accordingly, KAC repossessed the vehicle pre-

petition on December 22, 2008.  Debtor then filed for bankruptcy on December 24, 2008 and,

thus, section 362 provides an automatic stay on Debtor's vehicle after the filing date.  11 U.S.C.

§ 362.  Pursuant to 11 U.S.C. § 541(a), Debtor's car is property of her bankruptcy estate even

though KAC has repossessed it. Thompson, supra, No. 08 A 182, 2008 WL 2157163, at *1.

Thus, under § 542(a), someone who holds property that a debtor can use, sell, or lease under

section 363 must turn that property over to the debtor. Ibid. (citing 11 U.S.C. § 542(a)). KAC,

however, as a creditor in possession of the 1994 Pontiac Firebird, need not turn the vehicle over

unless and until Debtor provides KAC with "adequate protection." Nash, supra, 228 B.R. at 673-

74. Moreover, under 11 U.S.C. § 361, if the vehicle is decreasing in value, KAC's interest in the

vehicle will be adequately protected with cash payments such that "the value of its interest . . .

remains constant." Thompson, supra, No. 08 A 182, 2008 WL 2157163, at *2. From the

record, it has not been established what cash payment will make up the decline in value during

the pre-confirmation time period. Debtor has paid KAC $656 post-petition with a remaining

balance is $573.60, and Debtor proposed a payment of $5 per month to KAC in her Chapter 13

Plan. Thus, the level of protection required is an issue for hearing. The Court must also

determine whether the proposed $5 per month payments under Debtor's Chapter 13 Plan have

been made pre-confirmation. As to the alleged damage on repossession, Debtor may file a pre-

petition claim against KAC.

**CONCLUSION**

For the foregoing reasons, the Court denies Debtor's motion for contempt.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: March 13, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge